IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION
2:09CV38-1-MU

| | | |
|---|---|---|
| MARK R. COFFELT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| SHERIFF KEITH LOVIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** comes before the Court for initial review upon Plaintiff's Complaint pursuant to 42 U.S.C. § 1983 (Document # 1), filed July 31, 2009.

Plaintiff has filed this Complaint naming as defendants Keith Lovin, the Sheriff of Cherokee county, Clifford Owl, a magistrate judge, and J.L. Crisp, a sheriff's deputy. In his Complaint Plaintiff alleges that his Eighth Amendment rights have been violated because he was "set a bond for Armed Robbery at $ 200,000 but [his] charge is Robbery." Plaintiff further contends that the bond set for his probation violation $ 15,000. Plaintiff also alleges that he was set an excessive bond of $ 8,000 for Larceny of a Motor Vehicle, Breaking or Entering a Motor Vehicle, and Injury to Personal Property. Plaintiff asserts that his warrant incorrectly states that he fled from the county but that he thought the charges had been dismissed. Finally, Plaintiff asserts a slander/defamation of character allegation as his second claim. In support of this claim Plaintiff states "a copy of warrant for arrest for fugitive stating Armed Robbery under crimes, also date of offense was 8-5-04 not 5-28-09. For relief, Plaintiff seeks monetary compensation, no retaliation, and the dismissal of

the charges against him.

Plaintiff fails to state a claim against any of the named defendants. Supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Plaintiff does not allege any personal conduct by Sheriff Lovin with regard to the incidents that form the basis of his Complaint. In fact, Plaintiff does not connect the Sheriff in any way to the incidents that form the basis of his Complaint. Consequently, Plaintiff fails to state a claim against the Sheriff Lovin and he is dismissed.

Judges are immune from damages liability for judicial acts unless they are done in the clear absence of all jurisdiction. See Stump v. Sparkman, 435 U.S. 349 (1978). Plaintiff has not alleged any facts sufficient to support an allegation that Defendant Owl acted in the clear absence of all jurisdiction. Consequently, the Court finds that Defendant Owl is immune from liability in this matter and he is dismissed.

With regard to Defendant Crisp, Plaintiff has failed to allege any action by him whatsoever. Indeed, Defendant Crisp's name does not appear anywhere in text of the Complaint. Accordingly, Plaintiff fails to state a claim under 42 U.S.C. § 1983 against Defendant Crisp and he is dismissed.

Finally, the Court notes that regardless of who Plaintiff has named as defendants, Plaintiff has failed to set forth any constitutional claim and his Complaint is dismissed on that basis as well.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

Signed: August 3, 2009

Graham C. Mullen
United States District Judge